# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**RODNEY TYRONE RILEY  # 55657**                                   **PLAINTIFF**

**VS.**                                        **CIVIL ACTION: 1:18cv138-RHW**

**NATE PAYNE**                                                      **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Before the Court is [30], Defendant Nate Payne's April 5, 2019 motion for summary judgment in this prisoner civil rights lawsuit filed *pro se* and *in forma pauperis* by Rodney Tyrone Riley.  Payne asserts that Riley failed to exhaust available administrative remedies prior to filing suit, or alternatively that Riley cannot establish essential elements of his claim.  Riley filed no response to the motion, which is now ripe for ruling.   Pursuant to 28 U.S.C. § 636(c) and FED.R.CIV.P. 73, all parties have consented to the exercise of jurisdiction by the United States Magistrate Judge, and the case has been reassigned to the undersigned for all purposes.  [23], [25]  For the reasons which follow, the Court finds Defendant's motion should be granted and this case, dismissed.

Rodney Tyrone Riley is a Mississippi Department of Corrections (MDOC) inmate serving a four-year sentence for conviction of non-residential burglary from Harrison County.  He is presently housed at the Mississippi State Penitentiary (MSP) at Parchman, MS.  His tentative release date is February 18, 2022.   The lawsuit arises from events which occurred while Riley was a pre-trial detainee being held in Harrison County Adult Detention Center (HCADC). Riley was at HCADC from May 29, 2017 until June 19, 2018 when he was released to MDOC following his conviction.   Nate Payne is a Quality Correctional Healthcare nurse

practitioner who works at HCADC. Riley alleges Payne refused him medical treatment, told lies about his health condition[1] and would not send him for treatment by a specialist or for surgery.[2] Riley claims he sought medical care for problems with urination, and was refused treatment March 30, April 1, April 3 and April 7, 2018. He states that Payne unsuccessfully attempted to insert a catheter to help empty his bladder, then gave him some pills and sent him back to the zone. [9], [30-4, pp. 18-20] A few days later, Riley was urinating normally. Riley also alleges Payne slandered him by telling some nurses about his medical history (HIV), although Riley states his HIV status has nothing to do with his kidney problem. [30-4, pp. 24] After he was transferred to MDOC custody in June 2018, he was prescribed medicine to help with his problem. [30-4, p. 28] Riley signed his complaint April 10, 2018, and it was filed by the Clerk on April 23, 2018.

Relying on the affidavits of HCADC Grievance Officer Debbie Whittle and himself, Riley's inmate grievances, jail and medical records, the HCADC Inmate Handbook and the transcript of Riley's November 7, 2018 omnibus/screening hearing, Payne urges he is entitled to summary judgment because Riley failed to exhaust the administrative remedy program at HCADC before filing suit. Although Riley claims he filed a grievance or grievances, he admits in his complaint that he had received no response to same before he filed suit. [1, p. 3]

Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act of 1995 (PLRA) requires that a prisoner exhaust available administrative remedies before filing a § 1983 action in federal court.

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or

---

[1] Riley claims Payne told people he was HIV positive.

[2] Riley stated he has had a kidney problem all his life, and before he was incarcerated he was told by a doctor in 2017 that he needed surgery. [30-4, pp. 13-16]

> other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (Supp. 2000). Exhaustion is required before an inmate brings an action with respect to prison conditions, regardless of the relief offered through administrative procedures. *Booth v. Churner*, 532 U.S. 731, 739 (2001). The United States Supreme Court has explained that the PLRA's exhaustion requirement is mandatory and applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes. See *Porter v. Nussle*, 534 U.S. 516, 532 (2002); see also *Jones v. Bock*, 549 U.S. 199, 204 (2007) (reaffirming that exhaustion is mandatory; stating it is an affirmative defense). The Fifth Circuit Court of Appeals reiterated these principles in *Gonzales v. Seal*, 702 F.3d 785 (5th Cir. 2012), recognizing that "pre-filing exhaustion of prison grievance processes is mandatory." *Id.* at 788. Proper exhaustion is required and is not accomplished "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). An inmate's grievance must be sufficiently specific to afford "officials a fair opportunity to address the problem that will later form the basis of the lawsuit." *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004). "It is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion." *Walker v. East Miss. Corr. Facility*, 2013 WL 4833901, *2 (S.D. Miss. Sept. 11, 2013) (citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)); *Tompkins v. Holman*, 2013 WL 1305580 (S.D. Miss. Mar. 26, 2013). "The requirement of exhaustion applies regardless of Plaintiff's opinion on the efficacy of the institution's administrative remedy program." *Nealy v. Moore*, 2013 WL 6230107, *3 (S.D. Miss. Nov. 30, 2013) (citing *Alexander v. Tippah Co.*, 351 F.3d 626, 630 (5th Cir. 2003)). Exhaustion "is a

threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time." *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010).

There is no dispute that the HCADC has a three-step administrative review process to address inmates' grievances relating to their incarceration. [30-1, p. 26] The procedure is set out in Chapter VII of the Inmate Handbook, and requires that an inmate make his request for administrative remedy in writing on the correct form to the Grievance Officer within 30 days of the incident occurs. If the inmate is not satisfied with the Level I response, he may proceed to Level II (Deputy Warden). If not satisfied with a Level II response, he may proceed to Level III (Warden) "Level III is the final step in the process." [30-1, p. 26] The affidavit of Grievance Officer Debbie Whittle establishes that Riley filed only initial grievance(s) before signing his complaint to commence this lawsuit; he filed nothing beyond a Level I grievance, and Whittle had no record of his filing any Level II or Level III grievances. [30-1] As the above stated law plainly provides, it is not enough that an inmate initiate the grievance process; he must carry the grievance process through to its conclusion. The evidence before the Court demonstrates that Riley did not do so.

The Court finds as a matter of law that Riley's slander-related or privacy-related claims are not cognizable under § 1983. Injury to reputation is a state law tort rather than a constitutional deprivation. *See*, *Baker v. McCollan*, 443 U.S. 137, 146 (1979).

> [S]lander is not a federally protected right. *See Paul v. Davis,* 424 U.S. 693, 712, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976) (stating that even though a State may recognize that an injury to one's reputation may violate State tort law, such an injury does not implicate a 'liberty' or 'property' interest which is protected by the Due Process Clause). Thus, slander is not cognizable under § 1983. *Cook v. Houston Post,* 616 F.2d 791, 794 (5th Cir.1980) (noting that slander and libel are not rights secured by the Constitution or laws of the United States).

*Franklin v. McBride*, 2012 WL 1470136, at *1 (S.D. Miss. Apr. 27, 2012).

Riley's failure to exhaust available administrative remedies before filing suit in this case makes summary judgment appropriate, and makes it unnecessary for the Court to address the merits of his claims of constitutionally deficient medical care or defamation. The Court will therefore grant Payne's motion, and dismiss this case. A separate judgment will be entered.

**SO ORDERED AND ADJUDGED** this the 17th day of December 2019.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE